HEATHER J. CHESNUT (6934)
BRADLEY R. BLACKHAM (8703)
CHRISTIANA L. BIGGS (13040)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
E-mail: hchesnut@agutah.gov
*Attorneys for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PATRICK MADDOX, | **BLAKE ANDERSON'S ANSWER** |
| Plaintiff, | |
| v. | Case No. 1:22-cv-00146-CMR |
| UTAH STATE UNIVERSITY, BLAKE ANDERSON, and JOHN AND JANE DOES 1-10, | Magistrate Judge Cecilia M. Romero |
| Defendants. | |

Defendant Blake Anderson ("Anderson"), by and through counsel,

Heather J. Chesnut, Bradley R. Blackham, and Christiana L. Biggs Assistant

Utah Attorneys General, answers Plaintiff's Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Anderson denies each and every allegation not specifically admitted to in Plaintiff's Complaint. Anderson responds to the allegations in each of the numbered paragraphs in Plaintiffs' Complaint as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Anderson admits the allegation made in paragraph 1 of the Complaint.

2.      Anderson admits the allegation made in paragraph 2 of the Complaint.

3.      Anderson admits that he has been employed by Utah State University as its head football coach from December 10, 2020, when he signed his employment letter, to the present time.  Anderson denies the remaining allegations made in paragraph 3 of the Complaint.

4.     Anderson admits the allegation made in paragraph 4 of the Complaint.

5.     Anderson admits the allegation made in paragraph 5 of the Complaint.

6.     Anderson admits the allegation made in paragraph 6 of the Complaint.

## GENERAL ALLEGATIONS

7-15   The allegations made in paragraphs 7-15 of the Complaint call for a legal conclusion for which no response is required. To the extent a response is required, Anderson denies the allegations.

16-20.     The allegations made in paragraphs 16-20 of the Complaint call for a legal conclusion for which no response is required. To the extent a response is required, Anderson denies the allegations.

21-23.     The allegations made in paragraphs 21-23 of the Complaint call for a legal conclusion for which no response is required. To the extent a response is required, Anderson denies the allegations.

24-27.     Paragraphs 24-27 do not contain allegations directed to Anderson, but rather cite to articles and make sweeping allegations about male college athletes. Therefore, no response is required. To the extent a response is required, Anderson lacks sufficient knowledge to admit or deny the allegations generally but denies the inference that the allegations are accurate as to USU.

28.   Anderson was not employed by Utah State University during the time period referenced in paragraph 28 of the Complaint and lacks sufficient knowledge to admit or deny the allegations made in paragraph 28, therefore those allegations are denied.

29.   Anderson responds that the DOJ report speaks for itself and denies the allegations made in paragraph 29 of the Complaint to the extent they are inconsistent with the DOJ report.  Anderson was not employed by Utah State University during the time period referenced in paragraph 29 and lacks sufficient knowledge to admit or deny the allegations made in that paragraph, therefore those allegations are denied.

30.    Anderson responds that the DOJ report speaks for itself and denies the allegations made in paragraph 30 of the Complaint to the extent they are inconsistent with the DOJ report.  Anderson was not employed by Utah State University during the time period referenced in paragraph 30 of the Complaint and lacks sufficient knowledge to admit or deny the allegations made in that paragraph, therefore those allegations are denied.

31.    Anderson responds that the DOJ report speaks for itself and denies the allegations made in paragraph 31 of the Complaint to the extent they are inconsistent with the DOJ report.  Anderson was not employed by Utah State University during the time period referenced in paragraph 31 of the Complaint and lacks sufficient knowledge to admit or deny the allegations made in that paragraph, therefore those allegations are denied.

32.    Anderson responds that the DOJ report speaks for itself and denies the allegations made in paragraph 32 of the Complaint to the extent they are inconsistent with the DOJ report.  Anderson was not employed by Utah State University during the time period referenced in paragraph 32

and lacks sufficient knowledge to admit or deny the allegations made in that paragraph, therefore those allegations are denied.

33.   Anderson responds that the DOJ report speaks for itself and denies the allegations made in paragraph 33 of the Complaint to the extent they are inconsistent with the DOJ report.  Anderson was not employed by Utah State University during the time period referenced in paragraph 33 and lacks sufficient knowledge to admit or deny the allegations made in that paragraph, therefore those allegations are denied.

34.   Anderson denies the allegations made in paragraph 34 of the Complaint as they pertain to the short period of time in 2020 that Anderson was employed by Utah State University.  Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 34 as they pertain to other time periods, therefore those allegations are denied.

35.   Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 35 of the Complaint, therefore those allegations are denied.

36.    Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 36 of the Complaint, therefore those allegations are denied.

37.    Anderson denies the allegations made in paragraph 37 of the Complaint as they pertain to the period of time Anderson has been employed by Utah State University.  Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 37 as they pertain to other time periods, therefore those allegations are denied.

38.    Anderson denies the allegations made in paragraph 38 of the Complaint.

39.    Anderson denies the allegations made in paragraph 39 of the Complaint.

40.    Anderson admits that a surreptitious recording was made of an August 2021 football team meeting and that the USU Chief of Police, Logan Chief of Police, and Assistant Chief of Logan Police were present. Anderson denies the remainder of the allegations made in paragraph 40 of the Complaint.

41.   Anderson admits the allegations made in paragraph 41 of the Complaint that a meeting with campus and Logan City police was held. Among the topics discussed were zero tolerance for sexual assault and going the extra mile to ensure that any sexual interactions were consensual. Anderson denies the remainder of the allegations made in paragraph 41.

42.   Anderson admits that Plaintiff has excerpted selected phrases from an audio recording in paragraph 42 of the Complaint. However, Anderson denies the meaning created by Plaintiff's amalgamation of these statements, and responds that the recording, in its entirety, speaks for itself. Anderson denies the remainder of the allegations made in paragraph 42.

43.   Anderson admits that the Logan Assistant Police Chief shared his phone number during the presentation and that Plaintiff has excerpted a selected phrase from an audio recording in paragraph 43 of the Complaint. Anderson denies the remainder of the allegations made in paragraph 43 and responds that the recording, in its entirety, speaks for itself.

44.   Anderson admits that in the audio recording police tell players that they do not contact the press about people they interact with while on

duty. Anderson denies the remainder of the allegations made in paragraph 44 of the Complaint, including Plaintiff's characterization of events, and responds that the recording, in its entirety, speaks for itself.

45.    Anderson denies that paragraph 45 accurately quotes USU's former police chief.  Anderson responds that the audio recording of the meeting with the USU football team, in its entirety, speaks for itself. Anderson denies the remainder of the allegations, including any characterizations of the recorded statements, made in paragraph 45.

46.    Anderson denies the allegation made in paragraph 46 of the Complaint. Anderson responds that the audio recording of the meeting with the USU football team, in its entirety, speaks for itself.

47.    Anderson admits that Plaintiff has excerpted a phrase from an audio recording and responds that the recording, in its entirety, speaks for itself. Anderson denies the remainder of the allegations made in paragraph 47.

48.    Anderson admits that Plaintiff has excerpted phrases from an audio recording and responds that the recording, in its entirety, speaks for

itself. Anderson denies the remainder of the allegations made in paragraph 48, including Plaintiff's characterizations.

49.    Anderson admits the allegation made in paragraph 49 of the Complaint that a surreptitious recording was made of a team meeting and that Plaintiff has excerpted phrases from the recording. Anderson affirmatively asserts that the quotations included in paragraph 49 are incomplete and do not represent the full context of the topic discussed in the meeting with players. Anderson denies the remainder of the allegations made in paragraph 49.

50.    Anderson denies the allegations made in paragraph 50 of the Complaint. Anderson incorporates the answers to paragraphs 40-49.

51.    Anderson lacks sufficient knowledge to admit or deny the allegation made in paragraph 51 of the Complaint, therefore those allegations are denied.

52.    Anderson admits the allegation made in paragraph 52 of the Complaint that the team often made funny videos prior to games.  Anderson denies the remainder of paragraph 52.

53.    Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 53 of the Complaint, therefore those allegations are denied.

54.    Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 54 of the Complaint, therefore those allegations are denied.

55.    Anderson denies the allegation made in paragraph 55 of the Complaint.

56.    Anderson denies the allegations made in paragraph 56 of the Complaint as they pertain to the period of time Anderson has been employed by Utah State University.  Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 56 as to other time periods, therefore those allegations are denied.

57.    Anderson admits the allegations made in paragraph 57 of the Complaint that Patrick Maddox ("Maddox") was a member of the USU football team and that Maddox has represented that he is the individual who made the surreptitious recordings of team meetings. Anderson

affirmatively asserts that Maddox was named as an honorary game captain in games 1 and 5 of the 2021 season to represent the team during the coin tosses. Anderson denies the remainder of the allegations made in paragraph 57.

58.    Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 58 of the Complaint, therefore those allegations are denied.

59.    Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 59 of the Complaint, therefore those allegations are denied.

60.    Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 60 of the Complaint, therefore those allegations are denied.

61.    Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 61 of the Complaint, therefore those allegations are denied.

62.    Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 62 of the Complaint regarding Maddox's motives in distributing unauthorized recordings he made of team meetings; therefore, those allegations are denied.   Anderson admits that, to his knowledge, portions of recordings of team meetings appeared in media and that Maddox represented that he had made the recordings.  Anderson denies the remainder of the allegations.

63.    Anderson admits that the media reported on the surreptitious recordings of team meetings. Anderson denies the remainder of the allegations made in paragraph 63.

64.    Anderson admits the allegations made in paragraph 64 of the Complaint.

65.    Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 65 of the Complaint, therefore those allegations are denied.  Anderson affirmatively asserts that neither Maddox nor anyone else ever made Anderson aware of any threats of physical

violence directed towards anyone involved in recording team meetings. Anderson further asserts that he would not have tolerated any such threats.

66.     Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 66 of the Complaint, therefore those allegations are denied.

67.     Anderson lacks sufficient knowledge to admit or deny the allegation made in paragraph 67 of the Complaint, therefore those allegations are denied.

68.      Anderson admits that he became aware of media publicity regarding the recorded meetings, and that he likely commented regarding the inaccurate characterization of the meetings. Anderson lacks sufficient knowledge to admit or deny the remainder of the allegation made in paragraph 68, particularly the quotation attributed to him, therefore those allegations are denied.

69.     Anderson lacks sufficient knowledge to admit or deny the allegation made in paragraph 69 of the Complaint, therefore those allegations are denied.

70.     Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 70 of the Complaint, therefore those allegations are denied.  Anderson affirmatively asserts that neither Maddox nor anyone else ever made Anderson aware of any threats of physical violence directed towards Maddox.  Anderson further asserts that he would not have tolerated any such threats.

71.     Anderson admits Maddox arranged for a meeting with Anderson.  Anderson lacks sufficient knowledge or information to admit or deny the allegations made in paragraph 71 regarding Maddox's motive in requesting the meeting, therefore those allegations are denied.

72.     Anderson admits that Maddox began speaking about his friend being raped, and affirmatively asserts that he stopped Maddox from speaking because the matter related to a confidential Office of Equity investigation in which Anderson was not involved and a pending lawsuit regarding those matters.

73.     Anderson admits that he stopped Maddox from speaking about his friend being raped, and incorporates the answer given in paragraph 72.

Anderson also admits that he has likely commented regarding the inaccurate characterization of the recorded meetings but lacks sufficient knowledge to admit or deny whether he did so in this meeting. Anderson denies the remainder of the allegation made in paragraph 68.

74.     Anderson, based on his recollection, admits that he made the statement alleged in paragraph 74 at some point but affirmatively asserts that he cannot recollect whether he made this statement in his meeting with Maddox, and therefore denies for lack of knowledge.

75.     Anderson admits the allegation made in paragraph 75 of the Complaint and incorporates the response to paragraph 49.

76.     Anderson admits that he has clarified the meaning of this quoted excerpt from the audio recording of a team meeting, but cannot recall when he did so, and therefore denies for lack of knowledge. Anderson denies the remainder of the allegations in paragraph 76.

77.     Allegation 77 features a quote with brackets, implying that words have been replaced. Without a direct quote Anderson lacks knowledge of what he is alleged to have said, and therefore denies this

allegation for lack of knowledge. Anderson affirmatively asserts that the team was told not to take matters into their own hands should the person who made the recordings come to light.

78.    Allegation 78 features a quote with brackets, implying that words have been replaced. Without a direct quote Anderson lacks knowledge of what he is alleged to have said, and therefore denies this allegation for lack of knowledge.

79.    Anderson admits the allegation made in paragraph 79 of the Complaint.

80.    Anderson admits the allegation made in paragraph 80 of the Complaint.

81.    Allegation 81 features a quote with brackets, implying that words have been replaced. Without a direct quote Anderson lacks knowledge of what he is alleged to have said, and therefore denies this allegation for lack of knowledge. Anderson affirmatively asserts that he recommended that Maddox speak to the team about the recording and address the situation directly rather than allow speculation to grow.

17

82.     Allegation 82 appears to feature a portion of a quote, implying that words have been withheld. Without further context Anderson lacks knowledge of what he is alleged to have said, and therefore denies this allegation for lack of knowledge.

83.     Anderson denies the allegation made in paragraph 83 of the Complaint.

84.     The allegation in paragraph 84 implies that Anderson had knowledge that members of the team may take violent measures against Maddox, and Anderson denies any such knowledge. Anderson admits he did not speak with Maddox about preventing players from taking violent measures against Maddox, but affirmatively asserts that he would have done so had he been aware of any such threats.

85.     Anderson admits the allegation made in paragraph 85 of the Complaint that Maddox addressed the team. Anderson lacks sufficient knowledge to admit or deny Maddox's motives in coming forward, therefore those allegations are denied.

86.    Anderson denies the allegation made in paragraph 86 of the Complaint.  Anderson affirmatively asserts that he encouraged the team to forgive Maddox for making the surreptitious recordings of team meetings and observed teammates hugging Maddox after he addressed the team.

87.    Anderson admits the allegation made in paragraph 87 of the Complaint.

88.    Anderson denies the allegation made in paragraph 88 of the Complaint as to himself and those he observed.  As to the remainder, Anderson lacks sufficient knowledge and therefore denies.  Anderson affirmatively asserts that Maddox was rehabilitating from an injury at the time and working with the team's training staff, rather than the team as a whole.  Anderson denies the remainder of paragraph 88.

89.    Anderson lacks sufficient knowledge to admit or deny the allegation made in paragraph 89 of the Complaint regarding an investigation involving Kaytriana Flint. Therefore, those allegations are denied.  Anderson lacks knowledge regarding the remainder of the allegations in paragraph 89, therefore denies.

90.    The allegation in paragraph 90 implies that there was a hostile environment, and Anderson denies that inference or any knowledge of hostility directed towards Maddox. The remainder is denied for lack of knowledge.

91.    The allegation in paragraph 91 implies that Maddox met with Coach Anderson more than one time regarding the issue of recording the team meetings, and Anderson denies there was more than one such meeting. Anderson admits making a comment to Maddox about him breaking the trust of his teammates because he recorded them surreptitiously, and that he would need to re-earn that trust.  Anderson lacks knowledge sufficient to admit or deny the specific quotation attributed to him in paragraph 91, therefore those allegations are denied.

92.    Anderson lacks sufficient knowledge to admit or deny the allegation made in paragraph 92 of the Complaint, therefore those allegations are denied.

93.    Anderson lacks sufficient knowledge to admit or deny the allegation made in paragraph 93 of the Complaint, therefore those allegations are denied.

94.    Anderson lacks sufficient knowledge to admit or deny the allegation made in paragraph 94 of the Complaint regarding conversations between Maddox and his position coach and therefore denies the allegation. Anderson affirmatively asserts that Maddox had not previously been, nor was at the end of the 2021 season, being considered for a scholarship. Anderson affirmatively asserts that discussions for 2022 scholarships did not occur until well after Maddox had entered the transfer portal.

95.    Anderson lacks sufficient knowledge to admit or deny the allegation made in paragraph 95 of the Complaint regarding discussions Maddox had with his position coach. Anderson incorporates the answer to paragraph 94.

96.    Anderson lacks sufficient knowledge to admit or deny the allegation made in paragraph 96 of the Complaint regarding discussions

Maddox had with his position coach.  Anderson denies the remaining allegations.

97.    Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 97 of the Complaint, therefore those allegations are denied.

98.    Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 98 of the Complaint, therefore those allegations are denied.

99.    Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 99 of the Complaint, therefore those allegations are denied.

100.  Anderson lacks sufficient knowledge to admit or deny the allegations made in paragraph 100 of the Complaint, therefore those allegations are denied.

101.  Anderson denies the allegation made against him in paragraph 101 of the Complaint. As to the allegation against others, Anderson lacks

sufficient knowledge to admit or deny and so denies.  Anderson

affirmatively denies the existence of a hostile environment towards Maddox

generally or any knowledge of specific hostility directed towards Maddox.

102.  Anderson admits that Maddox entered the NCAA transfer portal

and left the football team.  Anderson lacks sufficient knowledge to admit or

deny the allegations made in paragraph 102 of the Complaint regarding

Maddox's reasons for leaving the team, therefore those allegations are

denied.  Anderson denies the remainder of the allegations made in

paragraph 102.

103.  Anderson denies the allegations made in paragraph 103 of the

Complaint to the extent that they are factual, and also to the extent that

they call for a legal conclusion.

104.  Anderson denies the allegations made in paragraph 104 of the

Complaint that Maddox was retaliated against and bullied into leaving the

team. Anderson lacks sufficient knowledge to admit or deny the remainder

of the allegations, and therefore those allegations are denied.

105.  Anderson denies the allegations made in paragraph 105 of the Complaint.

## FIRST CAUSE OF ACTION
## Retaliation Under Title IX—Against USU

106.  Anderson incorporates the forgoing responses to the allegation in the preceding paragraphs.

107-115.    The allegations made in the First Cause of Action are not directed at Anderson, therefore no response is required. To the extent a response is required, Anderson denies the allegations.

## SECOND CAUSE OF ACTION
## Retaliation Under § 1983—against Blake Anderson
## and John and Jane Does 1-10

116.  Anderson incorporates the forgoing responses to the allegation in the preceding paragraphs.

117.  The allegations made in paragraph 117 of the Complaint call for a legal conclusion for which no response is required.  To the extent a response is required, Anderson denies the allegations.

118.   The allegations made in paragraph 118 of the Complaint call for a legal conclusion for which no response is required.  To the extent a response is required, Anderson denies the allegations. Anderson denies that he violated Maddox's rights.

119.   Anderson admits the allegation made in paragraph 119 that he is a state employee and carries state authority. Anderson denies the remainder of the allegations.

120.   Anderson denies the allegations made in paragraph 120 of the Complaint.

121.   Anderson denies the allegations made in paragraph 121 of the Complaint.

122.   Anderson denies the allegations made in paragraph 122 of the Complaint.

**THIRD CAUSE OF ACTION**
**Violation of the Utah Constitution, Article I, Section I**
**Against All Defendants**

123. Anderson incorporates the forgoing responses to the allegation in the preceding paragraphs.

124.  Anderson admits the allegations made in paragraph 124 of the Complaint.

125.  The allegation made in paragraph 125 of the Complaint calls for legal conclusions for which no response is required. To the extent a response is required, Anderson denies the allegation.

126.  Anderson admits the allegation made in paragraph 126 that Maddox is a citizen of the State of Utah. The remainder of the allegation calls for a legal conclusion for which no response is required. To the extent that a response is required, Anderson denies the allegation.

127.  The allegation made in paragraph 127 of the Complaint calls for legal conclusions for which no response is required. To the extent a response is required, Anderson denies the allegations.

128.  Anderson denies the allegations made in paragraph 128 of the Complaint.

129.  The allegations made in paragraph 129 of the Complaint call for legal conclusions for which no response is required. To the extent a

response is required, Anderson denies the allegation. Anderson denies any and all allegations that retaliatory action was taken against Maddox for making and releasing recordings of team meetings.

130.   The allegations made in paragraph 130 of the Complaint call for legal conclusions for which no response is required. To the extent a response is required, Anderson denies the allegations. Anderson denies any and all allegations that retaliatory action was taken against Maddox for making and releasing recordings of team meetings or that any of Maddox's constitutional rights were violated.

131.   The allegations made in paragraph 131 of the Complaint call for legal conclusions for which no response is required. To the extent a response is required, Anderson denies the allegations.

132.   The allegations made in paragraph 132 of the Complaint call for legal conclusions for which no response is required. To the extent a response is required, Anderson denies the allegations. Anderson denies any and all allegations that Maddox was discharged from the team.

133.  Anderson denies the allegations made in paragraph 133 of the Complaint.

## FOURTH CAUSE OF ACTOIN
### Breach of Contract—against USU

134.  Anderson incorporates the forgoing responses to the allegation in the preceding paragraphs.

135-140.    The allegations made in the Fourth Cause of Action are not directed at Anderson, therefore no response is required. To the extent a response is required, Anderson denies the allegations.

## PRAYER FOR RELIEF

Anderson denies that Plaintiff is entitled to any relief sought.

## AFFIRMATIVE DEFENSES

### THIRD AFFIRMATIVE DEFENSE

Any and all injuries and damages Maddox claims are the result of his own actions or omissions, or from the acts or omissions of third parties over whom Anderson had no authority or control.

## FOURTH AFFIRMATIVE DEFENSE

There is no *respondeat superior* liability or strict supervisor liability for constitutional violations or civil rights actions under 42 U.S.C. § 1983.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, insofar as they are brought against Anderson in his official capacity, are barred by sovereign immunity. Sovereign immunity bars claims against the State or an arm of the State for damages arising from a violation of the federal constitution.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Anderson is entitled to the defense of qualified immunity on the Second Cause of Action and is entitled to dismissal of the Second Cause of Action, because the right asserted by Plaintiff was not clearly established at the time, and any actions by Defendant were not flagrant violations of the Utah Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Anderson reserves the right to assert other affirmative defenses as they become known.

## PRAYER

**WHEREFORE**, Anderson prays that Maddox's Complaint against him be dismissed with prejudice, as no cause of action, and that he be awarded his costs incurred in defending this lawsuit and for such other relief as the Court deems just.

## JURY DEMAND

Anderson demands a trial by Jury on all causes of action.

RESPECTFULLY SUBMITTED THIS 6th day of January, 2023.

OFFICE OF THE UTAH ATTORNEY GENERAL


*/s/ Heather J. Chesnut*
HEATHER J. CHESNUT
Assistant Utah Attorney General
*Attorney for Defendants*

30