HEATHER J. CHESNUT (6934)
BRADLEY R. BLACKHAM (8703)
CHRISTIANA L. BIGGS (13040)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
E-mail: hchesnut@agutah.gov
*Attorneys for Defendants*

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

---

| | |
|---|---|
| PATRICK MADDOX,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UTAH STATE UNIVERSITY, BLAKE ANDERSON, and JOHN AND JANE DOES 1-10,<br><br>　　　　Defendants. | **UTAH STATE UNIVERSITY'S ANSWER**<br><br>Case No. 1:22-cv-00146-CMR<br><br><br>Magistrate Judge Cecilia M. Romero |

Defendant Utah State University ("USU"), by and through counsel,

Heather J. Chesnut, Bradley R. Blackham, and Christana L. Biggs Assistant

Utah Attorney General, answers Plaintiff's Complaint as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state claims on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

USU denies each and every allegation not specifically admitted to in Plaintiff's Complaint. USU responds to the allegations in each of the numbered paragraphs in Plaintiff's Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      USU admits the allegation made in paragraph 1 of the Complaint.

2.      USU admits the allegation made in paragraph 2 of the Complaint.

3.      USU admits that Anderson has been employed by Utah State University as its head football coach from December 10, 2020, when he signed his employment letter, to the present time. USU denies the remainder of the allegations made in paragraph 3 of the Complaint.

4.      USU admits the allegation made in paragraph 4 of the Complaint.

5.     USU admits the allegation made in paragraph 5 of the
Complaint.

6.     USU admits the allegation made in paragraph 6 of the
Complaint.

**GENERAL ALLEGATIONS**

7-15  The allegations made in paragraphs 7-15 of the Complaint call
for a legal conclusion for which no response is required. To the extent a
response is required, USU denies the allegations.

16-20.     The allegations made in paragraphs 16-20 of the
Complaint call for a legal conclusion for which no response is required. To
the extent a response is required, USU denies the allegations.

21-23.     The allegations made in paragraphs 21-23 of the
Complaint call for a legal conclusion for which no response is required. To
the extent a response is required, USU denies the allegations.

24-27.     Paragraphs 24-27 do not contain allegations directed to
USU, but rather cite to articles and make sweeping allegations about male
college athletes. Therefore, no response is required. To the extent a
response is required, USU lacks sufficient knowledge to admit or deny the

allegations generally but denies the inference that the allegations are accurate as to USU.

28.    USU admits the allegations made in paragraph 28 of the Complaint.

29.    USU responds that the DOJ report speaks for itself and denies the underlying allegations made in paragraph 29 to the extent they are inconsistent with the DOJ report.

30.    USU responds that the DOJ report speaks for itself and denies the underlying allegations made in paragraph 30 to the extent they are inconsistent with the DOJ report.

31.    USU responds that the DOJ report speaks for itself and denies the underlying allegations made in paragraph 31 to the extent they are inconsistent with the DOJ report.

32.    USU responds that the DOJ report speaks for itself and denies the allegations made in paragraph 32 to the extent they are inconsistent with the DOJ report.

33.     USU responds that the DOJ report speaks for itself and denies the allegations made in paragraph 33 to the extent they are inconsistent with the DOJ report.

34.     USU admits that criminal charges have been filed against USU football players but lacks sufficient knowledge to admit or deny the remainder of the allegations made in paragraph 34 of the Complaint, therefore those allegations are denied.

35.     USU admits the allegations made in paragraph 35 of the Complaint.

36.     USU admits that it entered a Settlement Agreement, dated February 12, 2020, with the United States Department of Justice and responds that the Settlement Agreement speaks for itself and denies the allegations made in paragraph 36 to the extent they are inconsistent with the Settlement Agreement.

37.     USU denies the allegations made in paragraph 37 of the Complaint.

38.     USU denies the allegations made in paragraph 38 of the Complaint.

39.    USU denies the allegations made in paragraph 39 of the Complaint.

40.    USU admits that a surreptitious recording was made of an August 2021 football team meeting and that the USU Chief of Police, Logan Chief of Police, and Assistant Chief of Logan Police were present. USU denies the remainder of the allegations made in paragraph 40 of the Complaint.

41.    USU admits the allegations made in paragraph 41 of the Complaint that a meeting with campus and Logan City police was held. Among the topics discussed were zero tolerance for sexual assault and going the extra mile to ensure that any sexual interactions were consensual. USU denies the remainder of the allegations made in paragraph 41.

42.    USU admits that Plaintiff has excerpted selected phrases from an audio recording in paragraph 42 of the Complaint.  However, USU denies the meaning created by Plaintiff's amalgamation of these statements, and responds that the recording, in its entirety, speaks for itself. USU denies the remainder of the allegations made in paragraph 42.

43.     USU admits that the Logan Assistant Police Chief shared his phone number during the presentation and that Plaintiff has excerpted a selected phrase from an audio recording in paragraph 43 of the Complaint. USU denies the remainder of the allegations made in paragraph 43 and responds that the recording, in its entirety, speaks for itself.

44.     USU admits that in the audio recording police tell players that they do not contact the press about people they interact with while on duty. USU denies the remainder of the allegations made in paragraph 44 of the Complaint, including Plaintiff's characterization of events, and responds that the recording, in its entirety, speaks for itself.

45.     USU denies that paragraph 45 accurately quotes USU's former police chief.  USU responds that the audio recording of the meeting with the USU football team, in its entirety, speaks for itself. USU denies the remainder of the allegations, including any characterizations of the recorded statements, made in paragraph 45.

46.     USU denies the allegations made in paragraph 46 of the Complaint. USU responds that the audio recording of the meeting with the USU football team, in its entirety, speaks for itself.

47.   USU admits that Plaintiff has excerpted a phrase from an audio recording and responds that the recording, in its entirety, speaks for itself. USU denies the remainder of the allegations made in paragraph 47.

48.   USU admits that Plaintiff has excerpted phrases from an audio recording and responds that the recording, in its entirety, speaks for itself. USU denies the remainder of the allegations made in paragraph 48, including Plaintiff's characterizations.

49.   USU admits the allegation made in paragraph 49 of the Complaint that a surreptitious recording was made of a team meeting and that Plaintiff has excerpted phrases from the recording.  USU affirmatively asserts that the quotations included in paragraph 49 are incomplete and do not represent the full context of the topic discussed in the meeting with players. USU denies the remainder of the allegations made in paragraph 49.

50.   USU denies the allegations made in paragraph 50 of the Complaint. USU incorporates the answers to paragraphs 40-49.

51.   USU denies the allegation made in paragraph 51 of the Complaint.

52.    USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 52 of the Complaint, therefore those allegations are denied.

53.    USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 53 of the Complaint, therefore those allegations are denied.

54.    USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 54 of the Complaint, therefore those allegations are denied.

55.    USU denies the allegation made in paragraph 55 of the Complaint.

56.    USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 56 of the Complaint, therefore those allegations are denied.

57.    USU admits the allegations made in paragraph 57 of the Complaint that Patrick Maddox ("Maddox") was a member of the USU football team and that Maddox has represented that he is the individual

who made the surreptitious recordings of team meetings. USU denies the allegation that Maddox was in a leadership position on the team.

58.    USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 58 of the Complaint, therefore those allegations are denied.

59.    USU admits that Kaytriauna Flint reported a rape to North Park police department and USU's Office of Equity, which houses the Title IX Coordinator and is responsible for the university's sexual misconduct grievance process.  USU lacks sufficient knowledge to admit or deny the remainder of the allegations made in paragraph 59, and therefore denies.

60.    USU admits the allegation made in paragraph 60 of the Complaint.

61.    USU admits the allegation made in paragraph 61.

62.    USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 62, and therefore denies those allegations.

63.    USU admits that the media reported on the surreptitious recordings of team meetings. USU denies the remainder of the allegations made in paragraph 63.

64.   USU admits the allegations made in paragraph 64 of the Complaint.

65.   USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 65 of the Complaint, therefore those allegations are denied.

66.   USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 66 of the Complaint, therefore those allegations are denied.

67.   USU lacks sufficient knowledge to admit or deny the allegation made in paragraph 67 of the Complaint, therefore those allegations are denied.

68.   USU lacks sufficient knowledge to admit or deny the allegation made in paragraph 68 of the Complaint, therefore those allegations are denied.

69.   USU lacks sufficient knowledge to admit or deny the allegation made in paragraph 69 of the Complaint, therefore those allegations are denied.

70.   USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 70 of the Complaint, therefore the allegations are denied.

71.   USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 71 of the Complaint, therefore the allegations are denied.

72.   USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 72 of the Complaint, therefore the allegations are denied.

73.   USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 73 of the Complaint, therefore the allegations are denied.

74.   USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 74 of the Complaint, therefore the allegations are denied.

75.   USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 75 of the Complaint, therefore the allegations are denied.

76.     USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 76 of the Complaint, therefore the allegations are denied.

77.     USU lacks sufficient knowledge to admit or deny the allegation made in paragraph 77 of the Complaint, therefore those allegations are denied.

78.     USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 78 of the Complaint, therefore the allegations are denied.

79.     USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 79 of the Complaint, therefore the allegations are denied.

80.     USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 80 of the Complaint, therefore the allegations are denied.

81.     USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 81 of the Complaint, therefore the allegations are denied.

82.   USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 82 of the Complaint, therefore the allegations are denied.

83.   USU denies the allegation made in paragraph 83 of the Complaint.

84.   USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 84 of the Complaint, therefore the allegations are denied.

85.   USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 85 of the Complaint, therefore those allegations are denied.

86.   USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 86 of the Complaint, therefore the allegations are denied.

87.   USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 87 of the Complaint, therefore the allegations are denied.

88.     USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 88 of the Complaint, therefore the allegations are denied.

89.     USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 89 of the Complaint, therefore the allegations are denied.

90.     The allegation in paragraph 90 implies that there was a hostile environment, and USU denies that inference or any knowledge of hostility directed towards Maddox.  USU denies the remainder of the allegations for lack of knowledge.

91.     USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 91 of the Complaint, therefore the allegations are denied.

92.     USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 92 of the Complaint, therefore the allegations are denied.

93.    USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 93 of the Complaint, therefore the allegations are denied.

94.    USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 94 of the Complaint, therefore the allegations are denied.

95.    USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 95 of the Complaint, therefore the allegations are denied.

96.    USU denies the allegations made in paragraph 96 of the Complaint.

97.    USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 97 of the Complaint, therefore the allegations are denied.

98.    USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 98 of the Complaint, therefore those allegations are denied.

99.   USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 99 of the Complaint, therefore those allegations are denied.

100.  USU lacks sufficient knowledge to admit or deny the allegations made in paragraph 100 of the Complaint, therefore those allegations are denied.

101.  USU denies the allegations made in paragraph 101 of the Complaint.

102.  USU denies the allegations made in paragraph 102 of the Complaint. USU affirmatively asserts that that Maddox voluntarily entered the transfer portal, thereby leaving the team.

103.  USU denies the allegations made in paragraph 103 of the Complaint to the extent that they are factual, and also to the extent that they call for a legal conclusion.

104.  USU denies the allegation made in paragraph 104 that Maddox was retaliated against and bullied into leaving the team. USU lacks sufficient knowledge to admit or deny the remainder of the allegations, therefore those allegations are denied.

105.  USU denies the allegations made in paragraph 105 of the

Complaint.

**FIRST CAUSE OF ACTION**
**Retaliation Under Title IX—Against USU**

106.  USU incorporates the forgoing responses to the allegation in the

preceding paragraphs.

107.  USU denies the allegations made in paragraph 107 of the

Complaint.

108.  USU denies the allegations made in paragraph 108 of the

Complaint.

109.  USU denies the allegations made in paragraph 109 of the

Complaint.

110.  USU denies the allegations made in paragraph 110 of the

Complaint.

111.  USU denies the allegations made in paragraph 111 of the

Complaint.

112.  USU denies the allegations made in paragraph 112

of the Complaint.

113.  USU denies the allegations made in paragraph 113 of the Complaint.

114.  USU denies the allegations made in paragraph 114 of the Complaint.

115.  USU denies the allegations made in paragraph 115 of the Complaint.

## SECOND CAUSE OF ACTION
### Retaliation Under § 1983—Against Blake Anderson and John and Jane Does 1-10

116.  USU incorporates the forgoing responses to the allegation in the preceding paragraphs.

117-122.    The allegations made in paragraphs 117-122 are not directed at USU, therefore no response is required. To the extent a response is required, USU denies the allegations.

## THIRD CAUSE OF ACTION
### Violation of the Utah Constitution, Article I, Section I Against All Defendants

123. USU incorporates the forgoing responses to the allegation in the preceding paragraphs.

19

124.  USU admits the allegations made in paragraph 124 of the Complaint.

125.  The allegations made in paragraph 125 of the Complaint call for legal conclusions for which no response is required. To the extent a response is required, USU denies the allegations.

126.  USU admits the allegation made in paragraph 126 that Plaintiff is a citizen of the State of Utah. The remainder of the allegations call for a legal conclusion for which no response is required. To the extent that a response is required, USU denies the allegations.

127.  The allegations made in paragraph 127 of the Complaint call for legal conclusions for which no response is required. To the extent a response is required, USU denies the allegations.

128.  USU denies the allegations made in paragraph 128 of the Complaint.

129.  The allegations made in paragraph 129 of the Complaint call for legal conclusions for which no response is required. To the extent a response is required, USU denies the allegations. USU denies any and all

allegations that retaliatory action was taken against Maddox for making and releasing recordings of team meetings.

130.  The allegations made in paragraph 130 of the Complaint call for legal conclusions for which no response is required. To the extent a response is required, USU denies the allegations. USU denies any and all allegations that retaliatory action was taken against Maddox for making and releasing recordings of team meetings or that any of Maddox's constitutional rights were violated.

131.  The allegations made in paragraph 131 of the Complaint call for legal conclusions for which no response is required. To the extent a response is required, USU denies the allegations.

132.  The allegations made in paragraph 132 of the Complaint call for legal conclusions for which no response is required. To the extent a response is required, USU denies the allegations. USU denies any and all allegations that Maddox was discharged from the team.

133.  USU denies the allegations made in paragraph 133 of the Complaint.

## FOURTH CAUSE OF ACTION
**Breach of Contract—against USU**

134.   USU incorporates the forgoing responses to the allegation in the preceding paragraphs.

135.   USU denies the allegation made in paragraph 135 of the Complaint.

136.   USU denies the allegations made in paragraph 136 of the Complaint.

137.   USU admits the allegation made in paragraph 137 of the Complaint that the stated language is contained in USU policy. USU denies that the language creates any type of contractual agreement including any perceived implied contract.

138.   To the extent the allegations of paragraph 138 call for a legal conclusion no response is required. To the extent the allegations of paragraph 138 make factual allegations, USU denies the allegations.

139.   USU denies the allegations made in paragraph 139 of the Complaint.

140.   USU denies the allegations made in paragraph 140 of the Complaint.

## PRAYER FOR RELIEF

USU denies that Plaintiff is entitled to any relief sought.

## AFFIRMATIVE DEFENSES

## THIRD AFFIRMATIVE DEFENSE

Any and all injuries and damages Maddox claims are the result of his own actions or omissions, or from the acts or omissions of third parties over whom USU had no authority or control.

## FOURTH AFFIRMATIVE DEFENSE

There is no *respondeat superior* liability or strict supervisor liability for constitutional violations or civil rights actions under 42 U.S.C. § 1983.

## FIFTH AFFIRMATIVE DEFENSE

Sovereign immunity bars claims and remedies not reasonably anticipated as part of the contract made by Utah State in receiving federal funds. Sovereign immunity also bars claims against the State or an arm of the State for damages arising from a violation of the federal constitution.

## SIXTH AFFIRMATIVE DEFENSE

Regarding the Fourth Cause of Action, breach of contract, USU asserts that no contract is formed by the issuance of a student code. Even if it was,

the following affirmative defenses apply: assumption of risk, contributory negligence, failure of consideration, injury by fellow servant, illegality and waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

USU reserves the right to assert other affirmative defenses as they become known.

**JURY DEMAND**

USU demands a trial by Jury on all causes of action.

RESPECTFULLY SUBMITTED THIS 6th day of January, 2023.

OFFICE OF THE UTAH ATTORNEY GENERAL


*/s/ Heather J. Chesnut*
HEATHER J. CHESNUT
BRADLEY R. BLACKHAM
CHRISTIANA L. BIGGS
Assistant Utah Attorney General
*Attorney for Defendants*