IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PATRICK MADDOX,<br><br>   Plaintiff,<br><br>v.<br><br>UTAH STATE UNIVERSITY, BLAKE ANDERSON, and JOHN AND JANE DOES 1-10,<br><br>   Defendants. | **ORDER ON JOINT MOTION AND STIPULATION FOR MODIFIED PROTECTIVE ORDER AND COURT ORDER TO DISCLOSE RECORDS**<br><br>Case No. 1:22-cv-00146-TC-CMR<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Cecilia M. Romero |

Based on the parties' stipulated Motion for Modified Protective Order (Motion) (ECF 18) and Court Order to Disclose Records, the court enters the following ORDER:

A.   **Standard Protective Order.** The Court's Standard Protective Order, as referenced in DUCivR 26-2(a) and found at https://www.utd.uscourts.gov/sites/utd/files/Standard_Protective_Order.pdf, shall govern the production of confidential and confidential, attorneys eyes only information, except as expressly modified herein.

B.   **Modification of the Standard Protective Order.**  Paragraphs 3(a) through (c) of the Standard Protective Order shall be struck and are inapplicable to this litigation.  In its place, the Court Orders the following:

   (a)   Each receiving party's TECHNICAL ADVISOR shall sign a disclosure agreement in the form attached hereto as Exhibit A

1

("Disclosure Agreement"). No disclosures shall be made to a TECHNICAL ADVISOR the executed Disclosure Agreement executed.

**C.    FERPA**

(a)    This Lawsuit constitutes the request of Patrick Maddox to release his education records to Plaintiff's counsel under the Federal Educational Records Privacy Act, 20 U.C. § 1232g(b)(2)(A) and (d).

(b)    District has no obligation to update his education records to describe the disclosures made in (a) as required by 20 U.S.C. § 1232g(b)(4)(A).

(c)    **FERPA – Non-Parties' Education Records.**  The Court orders that:

- Pursuant to 20 U.S.C. § 1232g(b)(2)(B) the Court orders the release of protected educational records defined by FERPA. USU shall notify the non-party students and/or non-party former students, prior to the release of a protected educational record as defined by FERPA. Notice to the non-party students and/or former non-party students shall follow the form identified in Exhibit A.

- **Protective Order for FERPA Records.** The requested Protected Order is GRANTED. The Court orders the parties to apply the procedures described below to any documents and information that identify the names of students of former students of USU:

2

- The names of any students or former students, excepting Patrick Maddox, contained in any documents exchanged in discovery in this case will be deleted from the pleadings and public documents and replaced by the designation of initials. The name and identity of the students involved will be protected from public disclosures unless otherwise required by law.

- Any student/educational records that may be contained in USU's disclosures or responses to discovery requests will be marked "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY" as defined by the Standard Protective Order, and treated as confidential, subject to this protective order and the Standard Protective Order.

**D.     GRAMA**

The Motion to Disclose Records is **GRANTED** insofar as the disclosures comply with Rule 26(a)(1), Federal Rules of Civil Procedures, and Utah Code Ann. §§ 63G-2-101 et seq (Governmental Records Access and Management Act, "GRAMA") and the provisions of the Court's Standard Protective Order and the provisions herein.

2. The Court finds that:

    the records sought address matters in controversy over which the Court has jurisdiction and the parties' use and disclosures of private, controlled or protected records pursuant to GRAMA is appropriately

3

      limited by this Order and in tandem with provisions 4-11 of this Court's Standard Protective Order.

3. Accordingly, it is hereby ORDERED that :

    a. The governmental records relating to the allegations in Plaintiff's Complaint may be disclosed to the other parties insofar as they are subject to discovery under Rule 26, Federal Rules of Civil Procedure.

    b. The parties may attach, under seal, as exhibits documents or information disclosed in Discovery that may be classified as private, controlled, or protected under GRAMA to the extent they are necessary to support an assertion in a pleading, motion, or declaration filed with the Court.

    c. The parties may attach, under seal, as exhibits documents or information disclosed in discovery which may be classified as private, controlled, or protected under GRAMA to the extent that they are reasonably necessary to support an assertion in a pleading, motion or declaration filed with the Court.

    d. This stipulation does not authorize disclosure of these documents to non-parties, the disclosure of which may still be subject to and limited by the provisions of GRAMA.

    e. If any documents produced are properly classified as private or protected under GRAMA and marked by the producing party, the parties shall treat the documents as if the document was identified as "confidential" pursuant to the Court's Standard Protective Order.  The documents shall not be released to any person other than the parties, counsel of record, their legal

  support staff, any TECHNICAL ADVISORS or retained expert witnesses, until further order of the Court.

 f. If any documents produced are properly classified as controlled under GRAMA and marked by the producing party, the parties shall treat the documents as if the document was identified as "confidential attorneys eyes only" pursuant to the Court's Standard Protective Order.  The documents shall not be released to any person other than the parties, counsel of record, their legal support staff, any TECHNICAL ADVISORS or retained expert witnesses, until further order of the Court.

 g. Parties who improperly disclose or release private, controlled, or protected records are subject to sanctions by the Court, and other penalties if applicable under law.

 h. Except as otherwise specifically stated in this Order, the Parties' disclosures, including disclosures of documents classified as private, controlled, or protected under GRAMA, shall be controlled by the Court's Standard Protective Order.

 i. Notwithstanding anything to the contrary, this Order does not have the effect of waiving any other applicable privilege, such as the attorney-client privilege or the work product doctrine.

DATED this 6 February 2023.

*[Signature]*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah